**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**ANNABELLE MARTINEZ,**
**individually and as next friend of**
**Jeremy J. Sanchez, and Matthew Sanchez,**
**Minors, and as Personal Representative of**
**the Estate of Ramon J. Sanchez, Deceased,**
**and as Personal Representative of the Estate**
**of Susie H. Tigue, Deceased**

      **Plaintiff,**

vs.                                                                                                     **No. CIV 05-0936 RB/KBM**

**HELENE MCFARLAND and**
**STATE FARM INSURANCE COMPANY,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiff's Motion to Strike Entry of Appearance (Doc. 15), filed on November 7, 2005, Plaintiff's Motion for Appointment as Wrongful Death Representative for Susie H. Tigue, filed on July 20, 2005, and Plaintiff's Motion for Appointment as Wrongful Death Representative for Ramon J. Sanchez, filed on July 20, 2005. Jurisdiction arises under 28 U.S.C. § 1332. Having considered the arguments of counsel and the relevant law, the Court finds that these motions should be granted.

**I. Background.**

On October 16, 2004, Plaintiff ("Martinez"), her two sons, Jeremy J. Sanchez and Matthew Sanchez, the father of her sons, Ramon J. Sanchez, and her mother, Susie H. Tigue, were involved in a automobile collision with Helene McFarland, an insured of State Farm. Martinez and her sons were seriously injured. Ramon J. Sanchez and Susie H. Tigue died as a result of the accident.

On July 20, 2005, Martinez filed this action in state court for personal injury and wrongful death, pursuant to the New Mexico Wrongful Death Act, NMSA §42-2-1 *et seq*. On the same day, Martinez filed her motions for appointment as personal representative of Ramon J. Sanchez and Susie H. Tigue, pursuant to Section 42-2-3, in order to prosecute the wrongful death actions. On July 26, 2005, Stevan Schoen filed an entry of appearance on behalf of Phillip Sanchez, Personal Representative of the Estate of Ramon Sanchez. On September 1, 2005, Defendants removed the action to federal court, pursuant to 28 U.S.C. § 1441. On November 7, 2005, Stevan Schoen filed a second entry of appearance on behalf of Phillip Sanchez.

**II. Discussion.**

With respect to the motion to strike entry of appearance, Martinez states that she erroneously identified herself as personal representative of the Estate of Ramon J. Sanchez and the Estate of Susie H. Tigue. Martinez acknowledges that she is not the personal representative of the Estate of Ramon J. Sanchez. Martinez requests amendment of the caption to reflect that she brings this action as personal representative of Ramon J. Sanchez and Susie H. Tigue, pursuant to NMSA 1978, § 42-2-3. Martinez also requests appointment as personal representative for Ramon J. Sanchez and Susie H. Tigue, pursuant to § 42-2-3. In response, Phillip Sanchez states that he was appointed personal representative of the Estate of Ramon J. Sanchez and that only he can prosecute an action on behalf of the Estate. Phillip Sanchez does not requests appointment as personal representative under Section 42-2-3.

A personal representative, as defined by the Probate Code, is not the same as a personal representative under the Wrongful Death Act. *In re Estate of Sumler,* 133 N.M. 319, 321, 62 P.3d

776, 778 (N.M. App. 2002). A suit under the Wrongful Death Act has no relation to the estate. *Sumler,* 133 N.M. at 322, 62 P.3d at 779. "While the administrator [of the decedent's estate] may be the [wrongful death action] personal representative, there may be a personal representative who is not the administrator." *Stang v. Hertz Corp.*, 81 N.M. 69, 77, 463 P.2d 45, 53 (Ct. App. 1969).

The duties of a Section 41-2-3 personal representative are "merely to act as a nominal party for all the statutory beneficiaries in order to centralize the claims and prevent multiple and possibly contradictory lawsuits." *Chavez v. Regents of the Univ. of N.M.*, 103 N.M. 606, 609, 711 P.2d 883, 886 (1985). A personal representative appointed pursuant to Section 41-2-3 serves as trustee for statutory beneficiaries. See NMSA 1978, § 41-2-3. A Wrongful Death Act statutory beneficiary may recover damages from the personal representative if the personal representative fails to fulfill her statutory responsibility. *See Dominguez v. Rogers*, 100 N.M. 605, 609, 673 P. 2d 1338, 1342 (1983).

Martinez states that the Estate of Ramon J. Sanchez was included in the caption in error. The request to amend the caption will be granted. In that the caption of this lawsuit, as corrected, does not include as parties either the Estate of Ramon J. Sanchez or Phillip Sanchez, the entries of appearance filed on their behalf will be stricken subject to the right to pursue intervention as allowed by the Federal Rules of Civil Procedure. Martinez's motions for appointment as wrongful death representative for Ramon J. Sanchez and Susie H. Tigue will be granted.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Strike Entry of Appearance (Doc. 15), filed on November 7, 2005, is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's request to amend caption is **GRANTED.** The

caption is amended to delete the words "the Estate of" so the wording will read "Personal Representative of Ramon J. Sanchez, Deceased" and "Personal Representative of Susie H. Tigue, Deceased."

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment as Wrongful Death Representative for Susie H. Tigue, filed on July 20, 2005, is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment as Wrongful Death Representative for Ramon J. Sanchez, filed on July 20, 2005, is **GRANTED.**

*/s/ Robert Brack*

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**